*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIAH DESHON-JUANITA SUTTON,

        Defendant-Appellant.

UNPUBLISHED
July 31, 2025
2:36 PM

No. 366536
Van Buren Circuit Court
LC No. 2021-023355-FC

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

BORRELLO, J. (*concurring in part and dissenting in part*).

I join with my colleagues in the majority on all issues except for the issue of whether defendant's sentence was proportionate. Because the trial court did not state why defendant's sentence was proportionate, I would remand to that Court for development of a record on the issue of proportionately.

Here, defendant argues that her within-guidelines sentence was unreasonable. Defendant's minimum guidelines range was 270 to 450 months, and defendant was sentenced to 30 to 60 years' imprisonment for her murder conviction. Our Supreme Court has held

> that appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter. The guidelines remain important as an advisory resource for sentencing courts and continue to be a "highly relevant consideration" on appeal. But the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional because . . . it would necessarily render the guidelines mandatory. [*Posey*, 512 Mich at 352 (citation omitted).]

Furthermore, with respect to within-guidelines sentences specifically, they are to be "reviewed for reasonableness," applying a "presumption of proportionality" where the defendant "bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate." *Id*. at 359.

-1-

In the present case, the trial court imposed a sentence that aligns with the sentencing guidelines but failed to provide a rationale specifically addressing the proportionality of the sentence or the reasons for its relative merit compared to alternative sentences. The requirement for a trial court to articulate its justification for the imposed sentence is essential to ensure meaningful appellate review. This obligation includes an explanation of why the chosen sentence is considered more proportionate to both the offense and the offender than other potential sentences. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), noting that the assessment of proportionality is not merely about adherence to the recommended guidelines but rather whether the sentence appropriately reflects the seriousness of the offense.

In this matter, the trial court's omission of a clear justification of the proportionality of its sentence precludes comprehensive appellate analysis. Consequently, I would remand the matter for resentencing, with a requirement that the trial court provide a detailed explanation to facilitate an informed review of the sentence, irrespective of whether the trial court opts for the same or a different sentence.

I concur with the majority on all other issues raised in this appeal.

/s/ Stephen L. Borrello